United States District Court
Southern District of Texas
**ENTERED**
April 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MIROSALVA CANTU, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:16-CV-084 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Pending before the Court is Mirosalva Cantu's ("Plaintiff") motion to remand.[1] Defendant Allstate Vehicle and Property Insurance Company ("Defendant") has filed a response in opposition,[2] and Plaintiff has replied.[3] After considering the motion, response, reply, record, and relevant authorities, the Court **DENIES** the motion.

### I. Background

On December 17, 2015, Plaintiff filed her original petition in state court, asserting various insurance-related causes of action for damages resulting from an alleged March 25, 2015 wind or hail storm.[4] Subsequently, Defendant removed the action to this Court on February 19, 2016, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] On March 1, 2016, Plaintiff filed the instant motion seeking remand. As basis for the motion, Plaintiff claims that the amount in controversy does not exceed $75,000, and thus the Court lacks diversity jurisdiction. The Court now considers the relief requested in conjunction with the parties subsequent filings.

---

[1] Dkt. No. 3 ("Motion").
[2] Dkt. No. 4 ("Response").
[3] Dkt. No. 5 ("Reply").
[4] Dkt. No. 1, Attachment 2.
[5] Dkt. No. 1 ("Notice of Removal").

## II. Cautionary Note

As an initial matter, the Court notes that Plaintiff has failed to comply with the Federal Rules of Civil Procedure in her filings. Rule 7(b)(2) provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."[6] Rule 10(b) in turn states that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances."[7] Plaintiff's motion to remand lacks numbered paragraphs entirely, which hinders the Court's reference to her arguments. Plaintiff is cautioned that future submissions should consistently number each paragraph to properly comply with the Federal Rules.

## III. Legal Standard

The removing party bears the burden of establishing whether federal jurisdiction exists,[8] and the Court must resolve all doubts regarding whether removal jurisdiction is proper in favor of remand.[9] The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[10] Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[11] However, when the state practice does not permit a demand for a specific sum, removal is proper if the removing party proves by a preponderance of the evidence that the amount in controversy exceeds $75,000.[12] Defendant can satisfy this burden by (1) showing it is "apparent from the face of the petition that the claims are likely to exceed $75,000" or (2) setting

---

[6] FED. R. CIV. P. 7(b)(2).
[7] FED. R. CIV. P. 10(b) (emphasis added).
[8] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).
[9] *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000).
[10] 28 U.S.C. § 1332(a).
[11] *Id.* § 1446(c)(2).
[12] *Id*; see also *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993).

forth "summary judgment-type evidence of facts in controversy that support a finding of the requisite amount."[13]

"[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."[14] In other words, these post-removal filings may only be considered in determining the amount in controversy "if the basis for jurisdiction is ambiguous at the time of removal."[15] "Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal."[16]

Once Defendant has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper, unless Plaintiffs show with legal certainty that the claim is for less than the jurisdictional amount asserted in the original petition.[17] The Fifth Circuit has held that plaintiffs may make this showing by citing to a statute limiting recovery or by filing "a binding stipulation or affidavit *with their complaints*."[18] Indeed, it is well-established law that post-removal stipulations are irrelevant at this stage of the Court's analysis.[19]

---

[13] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal quotation marks and citations omitted).
[14] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[15] *Id.*
[16] *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (emphasis in original).
[17] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).
[18] *Id.* (emphasis added) (internal quotation marks and citation omitted).
[19] *Id.*

## IV. Discussion

Plaintiff claims that diversity jurisdiction is improper in this case because the amount in controversy has not been satisfied. Specifically, in the instant motion, Plaintiff asserts that the amount in controversy is $23,945.43.[20] For its part, Defendant points out to the Court that while $23,945.43 is the amount Plaintiff claims as actual damages, Plaintiff's original petition also requests exemplary damages in addition to her other requested damages.[21] Thus, Defendant argues that when Plaintiff's actual damage claims are coupled with claims for exemplary damages, "it is apparent . . . the amount in controversy exceeds $75,000."[22] The Court agrees.

As an initial matter, the Court observes that Plaintiff's original petition specifically states that "Plaintiff seek [sic] monetary relief of $200,000 or more, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.[23] With that in mind, the Court notes that under Texas law, punitive damages are included within the definition of exemplary damages.[24] Moreover, in Texas, an exemplary damages award can result in an increase of up to at least $200,000 for a plaintiff.[25] Finally, the Fifth Circuit has held that punitive damages are "to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law . . . ."[26] Therefore, the Court believes the judicial threshold requirement of $75,000 could easily be met if Plaintiff's claim for exemplary damages is successful.

In her last effort to avoid the federal forum, Plaintiff contends that removal was improper because she has offered a binding stipulation that the amount in controversy is less than $75,000.

---

[20] *See* Motion at p. 2.
[21] *See* Response at ¶¶ 2-3.
[22] *Id*. at ¶ 13.
[23] Dkt. No. 1, Attachment 2 at ¶ 101.
[24] Tex. Civ. Prac. & Rem.Code § 41.001(5).
[25] *See* Tex. Civ. Prac. & Rem. Code § 41.008(b).
[26] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).


First and foremost, the Court clarifies that the parties have not actually signed a stipulation limiting the amount of damages. Second, and most importantly, the Court may not consider post-removal stipulations once jurisdiction has been properly established, and such a filing would be irrelevant for purposes of the Court's legal certainty analysis.[27]  Thus, Plaintiff's proposed stipulation may not be considered by this Court.

### V. Holding

For the foregoing reasons, the Court finds that it has jurisdiction to hear this case because the amount in controversy exceeds $75,000. Therefore, Plaintiff's motion to remand is **DENIED.** Additionally, the Court is concerned with a certain representation made by Plaintiff's counsel, Mr. Matthew Zarghouni. Specifically, the Court is troubled by Mr. Zarghouni's assertion that "Plaintiff's binding stipulation, filed with the Original Petition *prior to removal*, is effective to avoid federal jurisdiction."[28]

As previously noted, this case was removed to this Court on February 19, 2016, yet the referenced stipulation, which was attached to the motion to remand, is dated March 1, 2016.[29] Furthermore, Defendant argues in its response to the motion to remand that the stipulation is in fact a "post-removal stipulation."[30] Mr. Zarghouni is reminded that he has an obligation pursuant to Rule 11 of the Federal Rules of Civil Procedure that by presenting a written motion, he

---

[27] *De Aguilar*, 47 F.3d at 1412.
[28] Motion at p. 2.
[29] Dkt. No. 3, Exh. B.
[30] Response at ¶ 15.

certifies that the factual contentions have evidentiary support. The Court therefore sets **Matthew Zarghouni for a hearing on May 6, 2016 at 9 a.m.** pursuant to Rule 11 to show cause why the Court should not impose Rule 11 sanctions.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 28th day of April, 2016.

                                                   Micaela Alvarez
                                                   United States District Judge